**Ranvir SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 97–71399.
INS No. A72–110–882.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2001.*

Decided July 20, 2001.

R.App. P. 34(a)(2).

892

Before HILL,** GRABER, and McKEOWN, Circuit Judges.

** Hon. James C. Hill, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

MEMORANDUM ***

Ranvir Singh, a native and citizen of India, petitions for review of a decision by the Board of Immigration Appeals (BIA), affirming the denial by the immigration judge (IJ) of his application for asylum and withholding of deportation under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158(1) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a).[1] Based on the following, we deny the petition.

In order to be eligible for a discretionary grant of asylum, an alien has the burden of demonstrating that he has been persecuted, or has a well-founded fear of persecution in his native country on account of race, religion, nationality, membership in a particular social group, or political opinion. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review credibility findings under a substantial evidence standard of review. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

Singh claimed that he is entitled to asylum based upon his Sikh religion and his political opinion, as a member and officer (district supervisor) of the All India Sikh Student Federation (AISSF). He also claims he was once arrested and beaten.

However, Singh's testimony and documentation, together with his wife's testimony, contain inconsistent facts and discrepancies relating to his alleged fear of persecution. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997). In addition, Singh was unaware of the elec-

1. Although this section was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), it provides transitional rules, applicable here, for cases filed prior to April 1, 1997, in which a final deportation order was issued on or after October 30, 1996.

tions in the Punjab during the time he states he was an AISSF officer, and he failed to accurately account for his whereabouts during the time he was hiding from police.

The inconsistencies, discrepancies, and gaps in testimony were material. They provide substantial evidence to support the adverse credibility findings of the IJ and the BIA. Further, as Singh has failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of deportation. *See Singh–Kaur*, 183 F.3d at 1149.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.